IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JODI S. GOBRECHT, et al.,

                Plaintiff,        Case No. 3:07 CV 1202

  -vs-

                                     O R D E R

JAMES MCGEE,

                Defendant.

KATZ, J.

      Before the Court is a motion to dismiss the Department of Health & Human Services Centers for Medicare and Medicaid Services (hereinafter "CMS") for improper joinder under Fed. R. Civ. P. 19(a) and for remand to the Ottawa County Common Pleas Court. (Doc. No. 3). Plaintiff has filed a memorandum in opposition. For the reasons stated below and as more expansively stated in the CMS memorandum, the motion will be granted.

      Plaintiffs filed this case individually and as next friend of a minor child in Common Pleas Court in Ottawa County, Ohio. The moving governmental party was joined as an involuntary Plaintiff and it was alleged that "it appears that some of Plaintiff Jodi Gobrecht's medical treatment in connection with the collision described herein was paid for by Medicare and, moreover, Medicare will likely pay for some of Plaintiff Jodi Gobrecht's future medical treatment in connection with the collision." While Medicare's motion in Ottawa County Common Pleas Court to realign itself as a Defendant was overruled on March 30, 2007, this Court has granted that motion. There is no question that certain sums were expended on behalf of Plaintiff through the Medicare program for payment of medical and hospital expenses incurred by Plaintiff as a

result of injuries which have been described in the complaint in this case. However, the United States is correct that there are no grounds for joinder of any federal entity or federal employee in this matter.

As set forth at page 4 of the Government's memorandum, the obligation for reimbursement does not arise unless and until there has been a recovery by a beneficiary, one receiving the benefits of Medicare. There then follows an administrative procedure which is required in order to resolve Medicare's claims. Under the doctrine of sovereign immunity the Plaintiffs may not compel CMS to join this action. In this Circuit there is precedent so holding. *See Estate of Barbeaux v. Lewis*, 196 F. Supp. 2nd 519 (W.D. Mich. 2002). In that case the court held that 42 U.S.C. § 405(h) bars jurisdiction until the Plaintiff exhausts administrative remedies, which remedies begin only after the Plaintiff has obtained a settlement or judgment against a defendant tortfeasor in the underlying court action. As in the *Estate of Barbeaux,* Plaintiffs in this case are not in a position to begin the administrative process, thus making the action against CMS inappropriate under both the Medicare statutes and sovereign immunity. Further, it appears that the Common Pleas Court did not <u>order</u> CMS's involuntary joinder. For that reason and for the reasons cited above of improper joinder under Fed. R. Civ. P. 19(a) and sovereign immunity, Defendant CMS's motion to dismiss is granted and this matter is remanded to Ottawa County Common Pleas Court for lack of diversity jurisdiction in this Court.

IT IS SO ORDERED.

  s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE